IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS E. PEREZ, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>Plaintiff,<br><br>v.<br><br>TKB ELECTRIC, LLC, a limited liability company,<br><br>Defendant | Civil Action No. 3:17-CV-07 |

**COMPLAINT**

1. Plaintiff, THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor ("Plaintiff") brings this civil action to enjoin Defendant TKB ELECTRIC, LLC ("Defendant"), from violating Sections 7, 11(c), 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938 ("the Act" or "FLSA"), as amended (29 U.S.C. § 201, *et seq.*), and for an order directing Defendant to pay to its current and former employees the total amount of back wage compensation found by the Court to be due, in addition to liquidated damages in an amount equal to the back wages found due to the employees.

2. The Court has jurisdiction over this action under Sections 16(c) and 17 of the Act, 29 U.S.C. §§ 216(c) and 217, and under 28 U.S.C. §§ 1331 and 1345.

3. Defendant is a limited liability company which maintains a place of business located in Johnstown, Pennsylvania, within the jurisdiction of this Court. Defendant is engaged in business as an electrical contractor.

4. Defendants' business activities, as described, are and were related and performed through unified operation or common control for a common business purpose and constitute an enterprise within the meaning of Section 3(r) of the Act.

5. At all times hereinafter mentioned, Defendant has had employees in and about their place of business in the activities of said enterprise engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce. This enterprise, at all times hereafter mentioned, has had an annual gross volume of sales or business done in an amount not less than $500,000. Therefore, Defendant's employees have been and are employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the Act, 29 U.S.SC. § 203(s)(1)(A).

6. Defendant employs certain employees as linemen, flaggers, operators, and laborers. These employees perform work related to the installation of telecommunications wires for telephone and cable services. These employees' job duties include but are not limited to: fixing, repairing, and operating equipment; installing fiber optic equipment; installing wires and conduit pipe underground; and installing telephone poles and cable.

7. Since at least August 12, 2013 through at least August 2, 2015, Defendant's employees regularly worked in excess of forty hours in a workweek. Although Defendant failed to keep time records for certain employees, based upon current information available to Plaintiff, since at least August 12, 2013 through at least August 2, 2015, the employees named in Schedule A attached to Plaintiff's Complaint have worked average hours that range from 50 to 77 hours per week.

8. Defendant has, in many workweeks from at least August 12, 2013 through at least August 2, 2015, willfully and repeatedly violated the provisions of Sections 7 and 15(a)(2) of the Act by employing certain of its employees employed at the business and engaged in commerce or in the production of goods for commerce, or in an enterprise engaged commerce, for

workweeks longer than those prescribed in Section 7 of the Act without compensating the employees for their employment in excess of the prescribed hours at rates not less than one and one-half times the regular rates at which they were employed. Therefore, said Defendant is liable for the payment of unpaid overtime compensation under the Act.

9. Defendant has, in many workweeks from at least August 12, 2013 through at least August 2, 2015, willfully and repeatedly violated the provisions of Sections 11(c) and 15(a)(5) of the Act in that Defendant failed to make, keep, and preserve adequate and accurate records of many of their employees and of the wages, hours, and other conditions of employment which they maintained as prescribed by the regulations issued and found at 29 C.F.R. Part 516. Specifically, Defendant failed to keep any records of hours worked by certain of its employees.

10. Since at least August 12, 2013, Defendant has willfully violated the provisions of the Act as alleged in Paragraph 8 above. A judgment permanently enjoining and restraining the violations herein alleged is specifically authorized by Section 17 of the Act.

11. As a result of the violations alleged in Paragraph 8 above, amounts are owing for Defendant's current and former employees, including the persons specifically named in the Schedule A attached to Plaintiff's Complaint.

12. A judgment granting recovery of said amounts, together with an equal additional amount as liquidated damages, is specifically authorized by Section 16(c) of the Act.

WHEREFORE, cause having been shown, Plaintiff prays for judgment pursuant to Section 17 of the Act to permanently enjoining and restraining Defendant, its officers, agents, servants, employees and those persons in active concert or participation with Defendant who receive actual notice of any such judgment, from violating the provisions of Sections 7, 11(c) 15(a)(2), and 15(a)(5) of the Act and for a judgment in the amount of back wage compensation

due together with an equal amount in liquidated damages pursuant to Section 16(c) of the Act, 29 U.S.C § 216(c), for certain of Defendant's current and former employees listed on the attached Schedule A for the period from January 17, 2014 through August 2, 2015. Additional amounts of money and liquidated damages may also be owed to certain present and former employees of Defendant denoted on the attached Schedule A for violations continuing after August 2, 2015, and may be owed to persons presently unknown to Plaintiff for the period covered by this Complaint.

FURTHER, Plaintiff prays that this Honorable Court award costs in his favor.

Respectfully submitted,

M. Patricia Smith
Solicitor of Labor

Oscar L. Hampton III
Regional Solicitor

/s/ John A. Nocito
John A. Nocito
Attorney
PA ID #87973
Office of the Solicitor
Suite 630E, The Curtis Center
170 S. Independence Mall West
Philadelphia, PA 19106-3306
(215) 861-5135
(215) 861-5162 (fax)
nocito.john@dol.gov

U.S. DEPARTMENT OF LABOR
Attorneys for Plaintiff